JOHN R. NEISON, complainant-appellant,

*v.*

LILLIAN S. GOLDSMITH et al., defendants-respondents.

[Argued November 28th, 1923.   Decided March 3d, 1924.]

1. The meaning of the words "nearer the front property line of any avenue than twelve feet" in a covenant in a deed determined and applied.

2. The rule of contemporary construction, as elucidated by the conduct of the parties, stated and applied.

On appeal.

*Messrs. Cole & Cole,* for the appellant.

*Messrs. Babcock & Babcock,* for the respondents.

The opinion of the court was delivered by

BLACK, J.

The primary question to be decided in this case is the meaning and application of the words "the main body of no building shall be erected nearer the front property line of any avenue than twelve feet" in a covenant in a deed.

It is alleged in the bill of complaint that Bradford Wright owned a tract of land in Atlantic City. In 1899 he plotted and mapped the same. In making conveyances it was his intention and purpose to create a general plan and scheme touching the construction of buildings thereon. To that end deeds made by him to his respective grantees for lots in said blocks had covenants inserted containing the above restrictive clause. An examination of the map put in evidence as *Exhibit C-1* discloses the plotting and mapping of the land

. into blocks, lots and streets. This may be partially visualized by a description of the land from the map thus: the tract of land was bounded by Millidgeville (now Kingston) avenue on the east Tallahassee avenue on the west, Ventnor avenue on the north and Atlantic avenue on the south. It was plotted into sections or blocks and lots; a street called Aberdeen place was opened running from Atlantic to Ventnor avenues sixty-five (65) feet wide between Millidgeville (now Kingston) avenue and Tallahassee avenue. There were spaces left for flower-beds in the centre of the roadbed. The block between Millidgeville (now Kingston) avenue and Aberdeen place was seventy-two (72) feet, while the block between Aberdeen place and Tallahassee avenue was about one hundred and fifty-five (155) feet wide. Millidgeville (now Kingston) avenue was fifty (50) feet wide. Wright apparently owned no more land east of that avenue. It is only with the block seventy-two (72) feet wide between Millidgeville (now Kingston) avenue and Aberdeen place that we are now concerned. In that block, facing Atlantic avenue, two lots, running north and south, were plotted thirty-six feet each fronting on Atlantic avenue by eighty (80) feet in depth, marked respectively one (1) and two (2). All the other lots plotted in the block ran the other way, east and west, and completely through the block from Kingston avenue to Aberdeen place. Beginning with number three (No. 3) back of number one (No. 1) and number two (No. 2); the dimensions were thirty-nine (39) and thirty-eight (38) by seventy-two (72) feet respectively up to number thirteen (No. 13) on Ventnor avenue.

The complainant is the owner of lot number four (4) on the map, running through the block. Its dimensions are thirty-nine by seventy-two feet. The defendants own the lot on the corner of Atlantic and Millidgeville (now Kingston) avenue, being lot number one (1), and the rear of lot number three (3), thirty-six (36) feet on Atlantic avenue by a depth of about one hundred and nineteen (119) feet, on which they admit that they are building an addition to the present

building on said lot and that such addition is nearer than twelve feet to the property line of Kingston avenue; but. they deny that said addition is being constructed in violation of any restrictions against the property.

Hence, the importance of the words in the covenant in the deeds: "nearer the front property line of any avenue than twelve feet." Is the line of Millidgeville (now Kingston) avenue a front property line? We think it is not, because, from these facts, it is argued with reason, as the westerly line of Millidgeville (now Kingston) avenue, a narrow street fifty feet wide, was the extreme boundary of Bradford Wright's ownership; that all his lands lay westward of that point; that the general layout of the property, which shows that the block here drawn under investigation is only seventy-two feet wide, it seems unreasonable and certainly doubtful, whether Bradford Wright ever intended that the lots running through the block from Aberdeen place to Millidgeville (now Kingston) avenue should face Kingston instead of Aberdeen place, or that he ever intended that Kingston avenue should be "the front property line" within the meaning of the restrictions. The lots on the westerly side of Aberdeen place face that street. It is reasonable to suppose that he intended that the lots on the easterly side should also face the same street looking out upon the flower-beds on Aberdeen place. In addition to this the testimony in the record shows that all the buildings, except on Atlantic avenue, actually front on Aberdeen place and are built on a uniform line, while there are seven or eight garages built on Kingston avenue. That fact is some evidence of a clear intention, that the owners of the various properties, lots numbers three (3) to thirteen (13) understood that Aberdeen place was a street on which their buildings should face and shows that there has been a contemporary construction by the parties concerned; that Aberdeen place is a "front property line" and that Kingston avenue is a rear property line, with the exception of lot number one (1), on the corner of Kingston and Atlantic avenues, and as to that lot Kingston avenue is a

side line. We think the act of these parties is some evidence as to the meaning of what is a "front property line" in the deeds. The ·rule of contemporary construction is applicable to the facts of the case. It is thus expressed in *Corpus Juris:*

"The rule where a deed is of doubtful meaning, or the language used is ambiguous, the construction given by the parties concerned, as elucidated by their conduct, will be deemed the true one, unless the contrary is shown, particularly so where all the parties concerned have acted upon a particular construction. *18 Corp. Jur. 262 § 218 (8); Meaney v. Stork, 81 N. J. Eq. 210.*

"Such conduct of the parties indicates a popular or practical interpretation. *Bringham v. H. S. Mulock Co., 74 N. J. Eq. 287, 290,* cited in *Pearson v. Stafford, 88 N. J. Eq. 391.*"

For these reasons we think there has been no violation of the restrictive covenant by the defendants. The decree of the court of chancery should be affirmed. This view of the case renders it unnecessary to consider the other point urged, that there had been an abandonment of the restrictive cove· nants.

The decree of the court of chancery is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, HEPPENHEIMER, GARDNER, VAN BUSKIRK, CLARK—11.

*For reversal*—None.